United States District Court
Southern District of Texas
**ENTERED**
May 28, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD HASTINGS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00252 |
| | § | |
| E.D. BULLARD COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff filed this personal injury case on October 5, 2023, alleging state law causes of action related to his alleged occupational lung disease, silicosis. D.E. 1. He alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332, and the burden of proof in that regard is on Plaintiff. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom.*, *Cloud v. United States*, 536 U.S. 960 (2002). Jurisdictional allegations regarding corporate citizenship require both the state of incorporation and the state of the corporation's principal place of business. 28 U.S.C. § 1332(c)(1).

Plaintiff's pleading lacks assertions of the principal place of business for the following corporate Defendants: Big Three Industries, Inc.; Bowto, Inc. - Delaware f/k/a Bowen Tools, Inc.; Bob Schmidt, Inc.; Schmidt Manufacturing Company, Inc.; Specialty Sand Company; and Air Liquide America LP. D.E. 1, pp. 3-4. Pursuant to Federal Rule of Civil Procedure 7.1, each party must file a citizenship disclosure when filing its first

appearance in a case based on diversity jurisdiction. None of the Defendants who have appeared have filed such a disclosure.

In particular, Defendants Bob Schmidt, Inc. (D.E. 27), Schmidt Manufacturing Company, Inc. (D.E. 28), and Specialty Sand Company (D.E. 29) have filed motions to dismiss that do not address federal subject matter jurisdiction, but instead challenge the report offered in support of Plaintiff's complaint. Defendants Bowto, Inc. - Delaware f/k/a Bowen Tools, Inc. and Air Liquide America LP (stating that it is successor by merger to incorrectly named Defendant Big Three Industries, Inc.) filed an answer to the complaint, which denies portions of Plaintiff's jurisdictional allegations as to them but they "do not contest subject-matter jurisdiction." D.E. 35, p. 3. There is no accompanying Rule 7.1 disclosure to support this position. So the jurisdictional allegations necessary to support diversity jurisdiction remain lacking.

On April 26, 2024, Plaintiff filed his voluntary motion to dismiss without prejudice, citing Texas Civil Practice and Remedies Code § 90.010(l). D.E. 49. The motion does not explain how § 90.010(l) applies to this case because that section, in turn, refers to § 90.010(d-1), which involves a case pending in 2005 in a multidistrict litigation (MDL) court. Plaintiff has provided no information to suggest that this action was, or could have been, pending in an MDL court in 2005. Defendants have not responded to the motion within the time for doing so. Southern District of Texas Local Rule 7.3 (opposed motions will be submitted to the judge 21 days from the date of filing). Thus, the motion is deemed unopposed and yet the applicability of § 90.010(l) remains unexplained.

Plaintiff has not requested dismissal pursuant to Rule 41(a). And the Court appears to be without subject matter jurisdiction, given Plaintiff's default with respect to his burden to show complete diversity of citizenship. Therefore, the Court declines to make any ruling on the applicability of § 90.010(l). Given Plaintiff's desire to no longer prosecute this matter, the Court terminates all pending motions and dismisses this action without prejudice for want of jurisdiction.

**ORDERED** on May 28, 2024.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE